**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DONALD GEORGE MAYCOCK,**

    Petitioner,

v.                                                                             Case No: 5:24-cv-278-JSM-PRL

**ALEJANDRO N MAYORKAS and**
**DIRECTOR, U.S. CITIZENSHIP AND**
**IMMIGRATION SERVICES,**

    Respondents.

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court *sua sponte*. Donald George Maycock ("Petitioner" or "Mr. Maycock") initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, and Ur Mendoza Jaddou, in her official capacity as Director of United States Citizenship and Immigration Services ("USCIS") in the Department of Homeland Security (collectively, the "Respondents"). (Doc. 1). Petitioner seeks review of USCIS's decision to deny his Form I-485, Application to Register Permanent Residence or Adjust Status ("Adjustment of Status Application"). For the reasons explained below, I submit that Mr. Maycock's Petition for Writ of Habeas Corpus should be dismissed for lack of subject matter jurisdiction.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

I.   **LEGAL STANDARDS**

Jurisdiction is a threshold issue in any case pending in the United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim and may do so *sua sponte* (that is, on its own). *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising *sua sponte* the issue of federal court jurisdiction); *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citing *Univ. of So. Ala.*, 168 F.3d at 409-10).

II.   **BACKGROUND**

Mr. Maycock is a native and citizen of Canada who currently resides in the state of Florida and is married to Shirley Jane Aubin, a United States citizen. (Doc. 1 at ¶¶ 1, 9, pp. 18-20). He most recently entered the United States on a B-1 visa[2] on October 29, 2021, with authorization to remain in the United States until April 29, 2022. (*Id.* at ¶ 10, p. 23). On March

---

[2] The State Department issues B–1 visas to foreign nationals who wish to enter the United States on a temporary basis for business purposes.

7, 2022, Mr. Maycock filed an Adjustment of Status Application pursuant to 8 U.S.C. § 1255(a) to change his immigration status to a lawful permanent resident of the United States based on being a beneficiary of a family-based petition.[3] (*Id*. at ¶ 11, p. 27).

On January 9, 2023, USCIS issued a Request for Evidence ("RFE"), informing Mr. Maycock that the evidence he submitted supporting his Adjustment of Status Application was insufficient to establish his eligibility for adjustment of status and requested that he submit Form I-693, Report of Medical Examination and Vaccination Record, by undergoing a medical examination with a USCIS civil surgeon. (*Id*. at ¶ 12, pp. 31-33). In the RFE, USCIS advised Mr. Maycock that as a reminder, "[e]ffective October 1, 2021, applicants subject to the immigration medical examination must complete the COVID-19 vaccine series before the civil surgeon can complete an immigration medical examination and sign Form I-693." (*Id*. at pp. 31-32).

By letter dated March 22, 2023, Mr. Maycock responded to USCIS's RFE submitting, *inter alia*, a completed Form I-693 (Report of Medical Examination and Vaccination Record); an unsigned affidavit describing two experiences he had with COVID-19; a black and white copy of a picture of a COVID-19 test strip; and medical documentation from Labcorp indicating "[a]ntibodies against the SARS-CoV-2 spike protein receptor binding domain (RBD) were detected." (*Id*. ¶ 14, pp. 37-68). His Form I-693 showed that Dr. Samer Choksi, M.D. (a USCIS civil surgeon) conducted a medical examination on Mr. Maycock and certified his medical exam results. (*Id*. at ¶ 14, pp. 41-59). As set forth in the vaccination record section of Form I-693, Dr. Choksi indicated that Mr. Maycock—who was not vaccinated

---

[3] Mrs. Aubin concurrently filed a Form I-130, Petition for Alien Relative, on Mr. Maycock's behalf to USCIS on March 7, 2022. (*Id*. at ¶ 11, p. 25). USCIS approved Mrs. Aubin's Form I-130 on January 9, 2023. (*Id*. at ¶ 12, p. 29).

against COVID-19—may be eligible for a blanket waiver of the COVID-19 vaccine, noting that "COVID-19 vaccine contraindicated [4] because [Mr. Maycock] has both history of COVID disease and supporting proof of positive antibody titer showing immunity." (*Id*. ¶¶ 13-14, pp. 52-53).

On April 10, 2023, USCIS issued a Notice of Intent to Deny ("NOID"), notifying Mr. Maycock that it intended to deny his Adjustment of Status Application because he failed to establish that he was not subject to health-related inadmissibility grounds pursuant to 8 U.S.C. § 1182(a)(1)[5] on the basis that he "lack[ed] vaccinations, specifically the COVID-19 vaccine, required for adjustment of status." (*Id*. at ¶ 15, pp. 70-72). In the NOID, USCIS advised Mr. Maycock that the "CDC Requirements for Immigrant Medical Examinations: COVID-19 Technical Instructions for Civil Surgeons" stated that "[l]aboratory tests for COVID-19 immunity must not be used for the civil surgeon exam" and as such, "[t]he applicant is required to receive the vaccine series regardless of evidence of immunity or prior COVID-19 infection," as "[t]he duration of immunity due to natural infection is still being investigated and might not protect the applicant throughout the immigration process." (*Id*. at p. 71). USCIS further advised that Mr. Maycock may be eligible for a waiver pursuant to 8 U.S.C. § 1182(g) based on his inadmissible health-related ground (i.e., 8 U.S.C. § 1182(a)(1)) and instructed him to submit Form I-601, Application for Waiver of Grounds of Excludability, if he sought to apply for a waiver. (*Id*. at p. 71).

---

[4] A medical contraindication is "a condition in a recipient which is likely to result in a life-threatening problem if the vaccine is given." USCIS Policy Manual Volume 8, Part B, Chapter 9(B)(1).

[5] Specifically, § 1182(a)(1)(A) provides that "[a]ny alien . . . who has failed to present documentation of having received vaccination against vaccine-preventable diseases . . . is inadmissible." § 1182(a)(1)(A).

By letter dated May 8, 2023, Mr. Maycock responded to USCIS's NOID, arguing that he was statutorily eligible for a blanket waiver of the COVID-19 vaccination requirement pursuant to 8 U.S.C. § 1182(g)(2)(B)[6] because Dr. Choksi determined that the COVID-19 vaccination would not be medically appropriate for Mr. Maycock due to a medical contraindication, which is a condition in a recipient that is likely to result in a life-threatening problem if the vaccine is given. (*Id*. at ¶ 16, pp. 74-120). Mr. Maycock did not submit Form I-601 (Application for Waiver of Grounds of Excludability) in response to the NOID, contending that "[t]he filing of a Form I-601 Application is not required in the case of a blanket waiver" in accordance with USCIS Policy Manual Volume 9, Part D, Chapter 3(D)(1). (*Id*. at pp. 77-78).

On June 6, 2023, USCIS denied Mr. Maycock's Adjustment of Status Application. (*Id*. at ¶ 18, pp. 123-27). In its decision, USCIS determined that Mr. Maycock was inadmissible to the United States on health-related grounds pursuant to 8 U.S.C. § 1182(a)(1) because he "lack[ed] vaccinations required for adjustment of status"—specifically, the COVID-19 vaccine—as he failed to present documentation showing that he was vaccinated against COVID-19. (*Id*. at ¶ 18, pp. 125-26). Even though USCIS allowed Mr. Maycock to submit a waiver for that inadmissibility ground, USCIS found that he did not apply for such a waiver. (*Id*. at p. 126). As to its inadmissibility determination, USCIS noted in its decision that even though Dr. Choksi observed that Mr. Maycock may be eligible for a blanket waiver of the COVID-19 vaccine due to a medical contraindication, Dr. Choksi "did not indicate on

---

[6] Section § 1182(g)(2)(B) provides that on conditions for admission of an alien inadmissible on health-related grounds, "[t]he Attorney General may waive the application of . . . subsection (a)(1)(A)(ii) in the case of any alien . . . for whom a civil surgeon . . . certifies, according to such regulations as the Secretary of Health and Human Services may prescribe, that such vaccination would not be medically appropriate." § 1182(g)(2)(B).

Form I-693 that a life[-]threatening problem would result for [Mr. Maycock] if given the [COVID-19] vaccine or document an adequate reason for not administering the vaccine." (*Id.* at pp. 124-125). USCIS further noted that as of the date of its decision letter—June 6, 2023—"the Administration, HHS, DHS, and USCIS have not announced a change in the specific requirements to Form I-693 regarding the COVID-19 vaccines for applicants seeking to register permanent residence or adjust status." (*Id.* at p. 125). Based on a review of his application and record of evidence, USCIS concluded that Mr. Maycock did not establish that he was eligible for an adjustment of status under 8 U.S.C. § 1255. (*Id.* at pp. 123-26).

Mr. Maycock subsequently filed this action on May 29, 2024, challenging USCIS's denial of his Adjustment of Status Application, seeking declaratory and injunctive relief.[7] (Doc. 1 at pp. 1, 14). He claims that he is currently detained[8] under the authority of the Respondents due to the "unlawful and unconstitutional acts of Respondents in denying [his] application for adjustment of status" and that the Respondents have not yet initiated removal proceedings against him. (*Id.* at ¶¶ 5, 8). Mr. Maycock argues that USCIS's decision to deny his Adjustment of Status Application constitutes (1) an ultra vires agency action because USCIS impermissibly interpreted "vaccine-preventable" under § 1182(a)(1)(A) to include

---

[7] As of the filing of his petition, Mr. Maycock claims that he has exhausted all available administrative remedies. (*Id.* at ¶ 8). Notably, however, in its June 6, 2023 decision, USCIS informed Mr. Maycock that he may not appeal its decision, but that he could file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion, within 30 days of the date of the decision if the decision was served in person or within 33 days if the decision was served by mail if he believed that the denial of his Adjustment of Status Application was in error. (*Id.* at p. 126). Based on the allegations in his petition, it is unclear whether Mr. Maycock exhausted his administrative remedies by moving to reopen or reconsider USCIS's decision within the time permitted. Nonetheless, because the Court concludes below that it does not have subject matter jurisdiction over this action, the Court will not consider whether Mr. Maycock exhausted his administrative remedies.

[8] Although Mr. Maycock states that his detention is ongoing, he does not specify where, if at all, he is currently being held. (Doc. 8).

vaccines that only protect against a disease despite COVID-19 having been found not to be vaccine-preventable; (2) a violation of his equal protection rights under the Due Process Clause in the Fifth Amendment; and (3) was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). (*Id.* at ¶¶ 22-38). He asserts that the Court has jurisdiction over this action under 28 U.S.C. § 2241 (Writ of Habeas Corpus); 28 U.S.C. § 1331 (federal question jurisdiction); Article 1, § 9, cl. 2 of the United States Constitution (Suspension Clause); 28 U.S.C. § 1651 (All Writs Act); 5 U.S.C. § 701 et seq. (APA); and 28 U.S.C. § 2201 (Declaratory Judgment Act). (*Id.* at ¶¶ 5-6).[9]

### III. DISCUSSION

Mr. Maycock seeks review of USCIS's decision to deny his Adjustment of Status Application pursuant to the Immigration and Nationality Act ("INA") § 245(a), codified at 8 U.S.C. § 1255(a). Section 1255 governs adjustment of status in the immigration process, providing USCIS authority to adjudicate applications for adjustment of status made outside of removal proceedings. *See* § 1255; 8 C.F.R. § 245.2(a)(1). In particular, § 1255(a) vests the Attorney General with discretion to adjust the status of an alien who was inspected and admitted into the United States to that of a lawful permanent resident if the alien (1) "makes an application for such adjustment"; (2) "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence"; and (3) "an immigrant visa is immediately available to him at the time his application is filed." § 1255(a); *see generally* 8 C.F.R. § 245.1. An applicant who files for adjustment of status pursuant to § 1255(a) may be

---

[9] On October 16, 2024, the Court issued an order to show cause, ordering Petitioner to show cause by written response why the case should not be dismissed for failing to serve the Respondents within the time permitted under Federal Rule of Civil Procedure 4(m). (Doc. 7). In response, Petitioner argued that good cause exists to extend the time for service because of harmless error in that his detention is ongoing and he can seek habeas corpus relief even if the Court dismissed the case without prejudice. (Doc. 8). Petitioner has not served the Respondents to date.

deemed inadmissible to the United States on various grounds under § 1182, including on health-related grounds, when he or she "fail[s] to present documentation of having received vaccination against vaccine-preventable diseases." § 1182(a)(1)(A)(ii).

Whether the Court has jurisdiction to review adjustment of status applications filed under § 1255 is set forth in the INA's judicial review statute in § 1252(a)(2)(B). *See* § 1252(a)(2)(B). Section 1252(a)(2)(B) states, in relevant part, that "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." § 1252(a)(2)(B).[10] This provision in the INA has been interpreted to "strip[] the courts of jurisdiction to review decisions relating to an adjustment of status under [§] 1255." *Navas v. Mayorkas*, No. 8:22-CV-617-VMC-TGW, 2023 WL 2477614, at *3 (M.D. Fla. Mar. 13, 2023). More specifically, § 1252(a)(2)(B)'s jurisdictional bar extends to "any authoritative decision," which "'encompasses any and all decisions relating to the granting or denying' of discretionary relief," including "[f]actual findings." *Patel v. Garland*, 596 U.S. 328, 337 (2022). Accordingly, "the provision applies to judgments of *whatever kind* under § 1255, not just

---

[10] Section 1252(a)(2)(B), in its entirety, provides the following:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

    (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
    (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

*Id*.

discretionary judgments or the last-in-time judgment." *Id.* at 338 (emphasis added) (internal quotations omitted). The Supreme Court's interpretation of § 1252(a)(2)(B)(i) in *Patel* is "vast and leaves noncitizens who are not in removal proceedings without any ability to challenge the decisions of USCIS with respect to adjustment of status." *Badra v. Jaddou*, No. 1:22-CV-22465-JEM, 2022 WL 4448260, at *5 (S.D. Fla. Sept. 14, 2022), *report and recommendation adopted*, No. 22-22465-CIV, 2022 WL 4376331 (S.D. Fla. Sept. 22, 2022).

Given the clear language and interpretation of the INA's jurisdiction-stripping provision under § 1252(a)(2)(B), the Court lacks subject matter jurisdiction to review USCIS's denial of Mr. Maycock's Adjustment of Status Application. As discussed above, USCIS denied Mr. Maycock's Adjustment of Status Application after thoroughly reviewing his application and the record of evidence he provided. USCIS made clear in its decision that Mr. Maycock was inadmissible to the United States on health-related grounds pursuant to § 1182(a)(1)(A) because he failed to present documentation showing that he was vaccinated against COVID-19, which was required for applicants seeking to adjust status at the time. USCIS allowed Mr. Maycock to submit a waiver pursuant to § 1182(g); however, it determined that he did not apply for such a waiver. Because Mr. Maycock did not establish that he was statutorily eligible for adjustment of status under § 1255, USCIS exercised its authority in denying his application.

Even if Mr. Maycock alleged meritorious claims in his petition that USCIS unlawfully or improperly denied his application, "the *Patel* decision mandates that courts no longer preside over such claims" in the context of adjustment of status. *Badra*, 2022 WL 4448260, at *7. Simply put, Mr. Maycock's challenge to USCIS's denial of his Adjustment of Status Application "leaves no room for doubt that the claim[s] at hand [are] simply precluded from

review" under § 1252(a)(2)(B). *Id.*; *see also Aguilera v. Dist. Dir.*, 423 F. App'x 916, 919 (11th Cir. 2011) ("[T]he INA expressly provides that the denial of an application for adjustment of status is not reviewable by any court.") (citing § 1252(a)(2)(B)(i)). Accordingly, pursuant to § 1252(a)(2)(B), the Court lacks jurisdiction to review USCIS's decision to deny Mr. Maycock's Adjustment of Status Application.

Moreover, to the extent that Mr. Maycock raises certain constitutional claims or questions of law in his petition, this Court also does not have jurisdiction to review such claims under § 1252(a)(2)(D). Section 1252(a)(2)(D) provides, in pertinent part, that "[n]othing in subparagraph (B) or (C), . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." § 1252(a)(2)(D); *see Blanc v. U.S. Att'y Gen.*, 996 F.3d 1274, 1278 (11th Cir. 2021) (determining that courts of appeals "do retain jurisdiction to hear constitutional claims or questions of law" under § 1252(a)(2)(D)); *Sillah v. Lara*, No. CIV.A.1:07CV2138-RWS, 2007 WL 3478155, at *3 (N.D. Ga. Nov. 14, 2007), *aff'd*, 275 F. App'x 822 (11th Cir. 2008) (noting that courts of appeals—not district courts—retain jurisdiction to consider genuine constitutional and legal challenge to denials of adjustment of status applications under § 1252(a)(2)(D)).

Following the Supreme Court's decision in *Patel*, courts have concluded that "[t]he only challenge to any decision pertaining to an adjustment of status is a legal challenge made to a Circuit Court upon an order of removal." *Badra*, 2022 WL 4448260, at *5; *see Navas*, 2023 WL 2477614, at *6 (collecting cases post-*Patel* that have found "[s]ection 1252(a)(2)(D) to be the only avenue to raise legal challenges" to decisions denying adjustment of status applications); *see, e.g.*, *Patel*, 596 U.S. at 345 (recognizing that § 1252(a)(2)(D) "preserves

review of legal and constitutional questions only when raised in a petition for review of a final order of removal"). Here, while Mr. Maycock challenges USCIS's decision to deny his application on both constitutional and legal grounds, he is not currently in removal proceedings, nor did he file this instant petition in the appropriate court of appeals.[11] Accordingly, pursuant to § 1252(a)(2)(D), the Court lacks jurisdiction to review Mr. Maycock's claims challenging USCIS's decision to deny his Adjustment of Status Application.

### IV. RECOMMENDATION

Accordingly, for the foregoing reasons, Mr. Maycock's Petition for Writ of Habeas Corpus (Doc. 1) should be dismissed for lack of subject matter jurisdiction.

**Recommended** in Ocala, Florida on November 25, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[11] Based on the *Patel* decision, the only avenue for review available to Mr. Maycock may be with the appropriate court of appeals on a petition for review to consider constitutional claims or questions of law when a final order is entered in removal proceedings. *See Patel*, 596 U.S. at 345.